RECEIVED

2012 OCT 15  P 12:21

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| KENNETH WAYNE FOLKES, and CINDY O. FOLKES, )<br><br>Plaintiffs )<br><br>V. )<br>)<br>)<br>EQUIFAX INFORMATION SERVICES, LLC, )<br>EXPERIAN INFORMATION SOLUTIONS, INC., )<br>ALABAMA TELCO CREDIT UNION, and )<br>SECURITY CREDIT SERVICES, LLC, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 1:12-cv-900-WKW<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

**COME NOW** the Plaintiffs, by and through counsel, and for their Complaint against Defendants state as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]) regarding inaccurate entries on Plaintiffs' credit reports. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action also arises out of Defendant, Security Credit Services, LLC's violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]).

3. This action is also brought under Alabama state law and the doctrine of pendent jurisdiction.

4. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District.

**Parties**

5. The Plaintiff, Kenneth Wayne Folkes ["Plaintiff" or "Wayne Folkes"], is a natural person who resides within this Judicial District.

6. The Plaintiff, Cindy O. Folkes ["Plaintiff" or "Cindy Folkes"], is a natural person who resides within this Judicial District.

7. Defendant, Equifax Information Services, LLC ["Equifax'], is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

8. Defendant, Experian Information Solutions, Inc. ["Experian"], is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

9. Defendant, Alabama Telco Credit Union ["Alabama Telco"], is a credit union who upon information and belief is chartered in Alabama and engages in business in this Judicial District.

10. Defendant, Security Credit Services, LLC ["Security Credit Services'], is a foreign company that engages in buying debts within this Judicial District.

**Factual Allegations**

11. On or about December 1, 2006, Plaintiffs' filed a Chapter 13 Bankruptcy Petition in the Middle District of Alabama (Case No. 06-11371).

12. Included within Schedule F accompanying the Debtors' Chapter 13 Petition were listed the following unsecured creditors:

Alabama Telco Credit Union
P.O. Box 360287
Birmingham, Alabama 35236-0287
Account# XXXX-XXXX-XXXX-9078
Amount of Claim - $6,817.85

Lowes Business Account
P.O. Box 530970
Atlanta, Georgia 30353-0970
Account# XXXX-8994
Amount of Claim - $1,358.81

13. On or about December 2, 2006, Richard S. Oda, Clerk of the Bankruptcy Court issued a Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, and Deadlines which was sent to all creditors including Alabama Telco and Lowes.

14. This notice set a deadline to file a proof of claim, in the Debtors' case, for all creditors except a governmental unit, of April 17, 2007.

15. On or about January 9, 2007, Alabama Telco filed a proof of claim for $6,925.85 in the Plaintiffs' Chapter 13 case.

16. Lowes did not file a proof of claim in the Plaintiffs' Chapter 13 case.

17. On or about September 27, 2011, after completion of their Chapter 13 payment plan, Judge Dwight H. Williams, Jr., discharged the Plaintiffs bankruptcy case by written order that was sent to all creditors including Alabama Telco and Lowes.

18. Neither Alabama Telco or Lowes filed any objections to the Plaintiffs' discharge nor did either creditor make any requests to determine that its debt be excepted from discharge.

19. The Equifax report of October 6, 2011, on Cindy Folkes shows the account of Alabama Telco with an outstanding balance of $6,925.00.

20. Plaintiff, Cindy Folkes, lodged a dispute with Equifax on or about October 6, 2011, raising the issue of the discharge of Alabama Telco's debt.

21. On or about October 19, 2011, Equifax entered its report of its re-investigation of the disputed item with Alabama Telco stating that the results are this creditor has indicated that the current status is being reported correctly.

22. Per FTC Official Staff Commentary §607 item 6, a discharged debt should show a zero (0) balance or no balance on a credit report.

23. Plaintiff, Cindy Folkes, again asked Equifax to investigate the account with Alabama Telco showing a balance of $6,925.00.

24. Equifax issued a report dated January 24, 2012, stating they had researched the account number 410478100000 and the results are the creditor has verified to Equifax that the current status is being reported correctly and if she had additional questions about this items, please contact "Alabama Telco Credit Union, 1849 Data Drive, Birmingham, Alabama 35244-1202" and further reported that Alabama Telco had a current balance, as of this report, of $6,925.00.

25. Alabama Telco, according to Equifax, reported this item as of January, 2012.

26. On or about March 20, 2012, Plaintiff, Cindy Folkes, once again obtained a copy of her credit report from Equifax and Alabama Telco was still reporting that $6,925.00 was the current balance on account number 410478100000.

27. On or about January, 2012, Plaintiff, Wayne Folkes, received notification from Equifax and Experian of changes to his credit report. Upon investigating, Plaintiff, Wayne Folkes, discovered that a collection account had been opened against him on January 1, 2012 for $1358.00 by Security Credit Services, LLC. The information listed with the report showed an address, phone number and contact name of Brooke. Upon contacting Brooke on February 2, 2012, Plaintiff, Wayne Folkes, was informed that the account in question was a Lowes account. Plaintiff, Wayne Folkes, explained to Brooke that this account was included in his Chapter 13 bankruptcy case. Brooke gave the Plaintiff, Wayne Folkes, Lowes stellar recovery phone number and upon the Plaintiff, Wayne Folkes, calling Lowes and speaking to Stacy, he was informed that the true Lowes account number was 7982130011218994 which was the account included within his Chapter 13 case. Upon ending

his contact with Security Credit Services and Lowes, Plaintiff, Wayne Folkes, filed a dispute with Experian and Equifax.

28. On or about March 6, 2012, Equifax issued a report that their investigation of the credit file was complete and the results of the report was that the status of the account had been updated to increase the balance owed to $1403.00 and showed this account as a status of being charged off, an open account and a debt buyer account.

29. On or about March 6, 2012, Experian issued a report from their investigation updating the balance to $1400.00. Said report showed that this account was last reported by Security Credit Services in March of 2012.

30. On or about March 20, 2012, Plaintiff, Wayne Folkes, obtained an updated credit report from Equifax which still showed the Security Credit Services account with an open balance of $1400.00 and listed it as a collection account.

31. Defendants, Equifax, Experian, Alabama Telco and Security Credit Services still report these debts on Plaintiffs' individual credit reports.

32. The debt being reported by Security Credit Services is a consumer debt as defined by the FDCPA.

33. Plaintiffs are each a "consumer" as defined by the FDCPA and FCRA.

34. Defendant, Security Credit Services, is a "debt collector" as defined by the FDCPA.

35. Plaintiffs requested from Defendants, Equifax, Experian, Alabama Telco and Security Credit Services that the debts in question be reflected as being included in their bankruptcy case that resulted in a discharge with either a zero balance or no balance being shown.

36. Defendants, Equifax, Experian, Alabama Telco and Security Credit Services did not perform any type of reasonable investigation.

37. Defendants, Equifax, Experian, Alabama Telco and Security Credit Services failed to properly investigate the disputes filed by the Plaintiffs, because if the disputes had been properly investigated, they would have reflected that these accounts had been discharged in the Plaintiffs' Chapter 13 bankruptcy case.

38. Defendants, Equifax, Experian, Alabama Telco and Security Credit Services were provided with more than sufficient information in the disputes and their own internal sources of information (which includes the knowledge of Plaintiffs' bankruptcy as listed in the credit reports) to conduct an investigation and to conclude that the account complained was being reported incorrectly.

39. Despite having knowledge of the bankruptcy, Defendants, Equifax and Experian, have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customers, Defendant, Alabama Telco and Defendant, Security Credit Services have chosen to say.

40. Defendant, Alabama Telco has promised through its subscriber agreement or contracts to accurately update accounts but Defendant, Alabama Telco has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and state law, which has resulted in the erroneous information on Plaintiff, Cindy Folkes credit report.

41. Defendant, Alabama Telco assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

42. Defendant, Security Credit Services has promised through its subscriber agreement or contracts to accurately update accounts but Defendant, Security Credit Services has willfully,

maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff, Wayne Folkes, credit report.

43. Defendant, Security Credit Services assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

44. Defendants, Equifax, Experian, Alabama Telco and Security Credit Services, maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation of the Plaintiffs' disputes, which led as a direct result and consequence to Defendants, Equifax, Experian, Alabama Telco and Security Credit Services either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information.

45. At all relevant times, the Defendants, Equifax, Experian, Alabama Telco and Security Credit Services failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, concerning the accounts in question, violating 15 U.S.C. Section 1681e(b) and state law.

46. The conduct of the Defendants have proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish that will be presented to the trier of fact.

47. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiffs and/or with the knowledge that their actions would very likely harm Plaintiffs and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were

in reckless disregard of the FCRA and/or FDCPA and/or state law.

48. Plaintiffs suffered actual damages as a result of these illegal actions by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasion of personal privacy.

## COUNT I.
## FIRST CLAIM FOR RELIEF
## Violation of the Fair Credit Reporting Act

49. Plaintiffs incorporate by reference all the above paragraphs of this complaint as though fully stated herein.

50. Defendants, Equifax and Experian, are "consumer reporting agencies" as codified at 15 U.S.C. Section 1681a(f).

51. Defendants, Alabama Telco and Security Credit Services, are entities who, regularly and in the course of business, furnish information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore each constitutes a "furnisher" as codified at 15 U.S.C. Section 1681s-2.

52. Plaintiffs notified Defendants, Equifax and Experian, directly of a dispute on the Defendants Alabama Telco and Security Credit Services account completeness and/or accuracy, as reported.

53. Defendants, Equifax and Experian, failed to delete information found to be inaccurate and failed to properly investigate the Plaintiffs' disputes.

54. Plaintiffs allege that at all relevant times, Equifax and Experian, failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, concerning the accounts in question, violating 15 U.S.C. Section 1681e(b).

55. Plaintiffs allege that Defendants, Equifax, Experian, Alabama Telco and Security Credit Services, failed to conduct a proper and lawful reinvestigation.

56. All actions taken by Defendants, Equifax, Experian, Alabama Telco and Security Credit Services were done with malice, were done willfully, and were done with either the desire to harm Planitiffs and/or with the knowledge that their actions would very likely harm Plantiffs and/or that their actions were taken in violation of the FCRA and state law and/or knew or should have known that their actions were in reckless disregard of the FCRA and state law.

57. All the violations of the FCRA, as described, proximately caused the injuries and damages set forth in this complaint.

## COUNT II.
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

58. Plaintiffs incorporate by reference all the above paragraphs of this complaint as though fully stated herein.

59. The acts of Defendant, Security Credit Services and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiffs, including but not limited to Sections 1692d; 1692e; 1692e(2); 1692e(5); 1692e(8); 1692e(10); 1692f; and 1692f(1).

60. As a result of the violations of the FDCPA, Plaintiff, Wayne Folkes is entitled to actual or compensatory damages; statutory damages; and reasonable attorney's fees, expenses, and costs, from Defendant Security Credit Services.

## COUNT III. (ALL DEFENDANTS)
## Invasion of Privacy

61. Plaintiffs incorporate by reference all the above paragraphs of this complaint as though fully stated herein.

62. Alabama law recognizes Plaintiffs' to be free from invasions of privacy and Defendants' violated Alabama state law as described in this Complaint.

63. Defendants and/or their agents, intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and/or falsely reporting on Plaintiffs' credit report and thereby invaded Plaintiff's privacy.

64. Plaintiffs' had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

65. The false credit reporting by Defendants, Equifax, Experian, Alabama Telco and Security Credit Services, naturally resulted in invasions of privacy of Plaintiffs.

66. As a result of all intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

67. All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

**WHEREFORE,** Plaintiffs pray that judgment will be entered against Defendants, Equifax, Experian, Alabama Telco and Security Credit Services, for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, fees, and for such other and further relief as may be just and proper.

Respectfully submitted,

_____
Cameron A. Metcalf, Esq.
Attorney for the Plaintiffs
ASB-9874-E48C

Espy, Metcalf & Espy, P.C.
326 North Oates Street
Dothan, Alabama 36303
Telephone: 334-793-6288
Facsimile: 334-712-1617
Email: cam@espymetcalf.com

_____
Cameron A. Metcalf, Esq.

**Serve defendants via certified mail at the following address:**

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Alabama Telco Credit Union
c/o Linda Cencula, CEO
1849 Data Drive
Hoover, Alabama 35244

Security Credit Services, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104