IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE FOLKES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:12-CV-900-WKW |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

In today's America, there exists an entire statutory scheme devoted to protecting people's credit reports against inaccuracies – the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiffs Cindy and Kenneth Wayne Folkes invoke that statute, along with Alabama law, against Defendant Alabama Telco Credit Union ("Alabama Telco") for allegedly failing to investigate inaccuracies in their credit report. Alabama Telco moves to dismiss (Doc. # 18), and its motion is due to be denied in part and granted in part.

**I. JURISDICTION AND VENUE**

Subject matter jurisdiction is exercised under 28 U.S.C. §§ 1331 and 1367. Personal jurisdiction and venue are uncontested.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8:  "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 663 (alteration in original) (citation omitted).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The standard also "calls for enough

fact to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

### III. FACTUAL BACKGROUND

Cindy and Kenneth Wayne Folkes filed for bankruptcy in 2006. After they completed a payment plan, the bankruptcy judge discharged their debts, including a debt owed to Defendant Alabama Telco Credit Union. It was September 2011, and the Folkeses were ready for a fresh start.

But their credit report was stuck in the past. Equifax, a credit reporting agency, continued to report an outstanding balance on the Folkeses' debt to Alabama Telco. When Ms. Folkes complained, Equifax checked with Alabama Telco, and Alabama Telco assured Equifax the information was accurate. Again and again Ms. Folkes tried to correct the inaccuracy. Each time, she met the same result. So the Folkeses' credit report remained uncorrected.

The inaccuracy had a profound effect on the Folkses. They suffered humiliation and embarrassment; they grew fearful, anxious, and frustrated; they were angry, upset, and emotionally distressed; they experienced other negative emotions.

(Doc. # 1 ¶ 48.)  They filed this suit against four Defendants[1] – one of which was Alabama Telco – on October 15, 2012.  Alabama Telco now moves to dismiss both the claims against it.

## IV.  DISCUSSION

The complaint accuses Alabama Telco of violating the FCRA (Count I) and committing the state-law tort of invasion of privacy (Count III).  This opinion will address each in turn.

### A.   The Folkeses' FCRA claim survives.

Alabama Telco argues that the Folkeses' failure-to-investigate claim under the FCRA should be dismissed for two reasons: (1) It is barred by the language of the FCRA, and (2) It is precluded by the Bankruptcy Code.  Neither argument warrants dismissal of that claim.

#### 1.   The FCRA does not bar the Folkeses' failure-to-investigate claim.

The parties agree the Folkeses cannot hold Alabama Telco liable for a violation of its statutory duty to provide accurate information.  *See* 15 U.S.C. § 1681s-2(a) (imposing duty of accuracy on information furnishers); *id.* § 1681s-2(c)(1) (limiting

---

[1] Two Defendants (Security Credit Services, LLC, and Experian Information Solutions, Inc.) have been dismissed by agreement (Docs. # 28, 31), and one (Equifax Information Services, LLC) answered the complaint rather than moving to dismiss it (Doc. # 24).

liability for breaches of the duty of accuracy). If the Folkeses sued Alabama Telco for violating that duty, then dismissal would indeed be proper.

But as the Folkeses point out, they did not sue Alabama Telco for breaching its duty of accurate reporting; Alabama Telco stands accused of failing to properly investigate reports of inaccuracies. *See* 15 U.S.C. § 1681s-2(b) (creating a duty to investigate disputed information). According to the Folkeses, breach of that duty *does* give rise to a private right of action, and Alabama Telco concedes the point through silence. *See also Green v. RBS Nat'l Bank*, 288 F. App'x. 641, 642 (11th Cir. 2008) (noting "[t]he FCRA does provide a private right of action for a violation of § 1681s–2(b)"). Accordingly, Alabama Telco's first basis for dismissal is unpersuasive.

## 2. The Bankruptcy Code does not preclude the Folkeses' failure-to-investigate claim.

Next, Alabama Telco argues that the Folkses' FCRA claim is precluded by Section 524 of the Bankruptcy Code, which enjoins creditors from attempting to collect discharged debts. In support of its position, Alabama Telco cites the Ninth Circuit's decision in *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002).

In *Walls*, the plaintiff sued a creditor for trying to collect a discharged debt in violation of Section 524 and the Fair Debt Collections Practices Act (the "FDCPA"). The court held that the Bankruptcy Code precluded the FDCPA claim because

allowing relief under both statutes "would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating [Section 524] to contempt." *Id.* at 510.  Thus, according to *Walls*, the FDCPA offers no relief for attempts to collect debts discharged in bankruptcy.

But as it applies to the FCRA, the Eleventh Circuit has never endorsed the rationale of *Walls*, and the Seventh Circuit rejected it, *see Randolph v. IMBS, Inc.*, 368 F.3d 726, 732–733 (7th Cir. 2004) (Easterbrook, J.) (distinguishing *Walls* and concluding the Bankruptcy Code does not "repeal or curtail" consistent portions of the FCRA).  Further, even courts bound to follow the *Walls* decision uniformly hold its reasoning does not extend to claims under the FCRA.  *See, e.g., King v. Bank of Am., N.A.*, No. C-12-04168, 2012 WL 4685993, at *9 (N.D. Cal. Oct. 1, 2012) (distinguishing *Walls* and finding the Bankruptcy Code does not preclude claims under the FCRA).  To the best of the court's knowledge, no court has ever held the Bankruptcy Code conflicts with the FCRA such that one must take priority over the other.  *Cf. In re Potes*, 336 B.R. 731, 733 (Bankr. E.D. Va. 2005) ("[T]here is no express provision in either the Fair Credit Reporting Act or the Bankruptcy Code that [suggests] either [supersedes] the other. They co-exist.").

> "[W]here two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1018 (1984). Alabama Telco identifies no conflict between the Bankruptcy Code and the FCRA that suggests they cannot coexist in peace; nor does it point to any clear expression of a congressional intent that Section 524 should preclude the FCRA. Accordingly, the court finds that the Bankruptcy Code does not preclude the Folkses' FCRA claim.[2]

**B.     The Folkeses' invasion-of-privacy claim is due to be dismissed.**

The FCRA expressly preempts state-law torts based on the kind of conduct Alabama Telco is accused of. 15 U.S.C. § 1681t(b)(1)(F); *Sigler v. RBC Bank (USA)*, 712 F. Supp. 2d 1265, 1269 (M.D. Ala. 2010) ("By its terms, 15 U.S.C. § 1681t(b)(1)(F) explicitly preempts all state laws in the areas covered by § 1681s-2[.]"). The parties agree that provision applies to preempt the Folkeses' state-law invasion-of-privacy claim against Alabama Telco. (*See* Doc. # 25, at 3

---

[2] A contrary ruling would put Mr. Metcalf (the Folkeses' counsel) in a pickle. Several years ago, he represented a different client against creditors who continued reporting a debt discharged in bankruptcy. *See Norman Applied Card Sys., Inc. (In re Norman)*, Adv. Pro. No. 06–1133, 2006 WL 2818814, at *1 (Bankr. M.D. Ala. Sept. 29, 2006). In that case, Mr. Metcalf took the approach Alabama Telco suggests and treated the creditors' conduct as a violation of Section 524. *Id.* Although Judge Sawyer entertained the challenge, he was troubled that the debtor had "resorted . . . in the first instance" to the bankruptcy court and had not first "availed himself of remedies under the Fair Credit Reporting Act." *Id.* Mr. Metcalf took the hint, and he now proceeds exactly as Judge Sawyer suggested: The Folkeses are availing themselves of remedies under the FCRA instead of resorting to the bankruptcy court in the first instance.

("Plaintiffs agree that Count III, as to [Alabama Telco] only, should be dismissed."). Accordingly, and uncontroversially, that claim is due to be dismissed.

## V.  CONCLUSION

It is therefore ORDERED that Alabama Telco's motion to dismiss (Doc. # 18) is DENIED in part and GRANTED in part as follows:

(1)  With regard to Plaintiffs' FCRA claim against Alabama Telco (Count I), the motion (Doc. # 18) is DENIED;

(2)  With regard to Plaintiffs' state-law invasion-of-privacy claim against Alabama Telco (Count III), the motion is GRANTED.

DONE this 9th day of May, 2013.

                                       /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE